UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 24-80158-CV-MIDDLEBROOKS

GARFIELD SPENCE,

    Plaintiff,

v.

786 SUMMIT PLAZA INC.

    Defendant.

_____/

**<u>ORDER CLOSING CASE</u>**

THIS CAUSE comes before the Court following the Court's June 4, 2024, Order requiring Plaintiff to show cause, by June 7, 2024, why no docket activity has occurred in this case since February 15, 2024. (DE 6). The record reflects that a summons for Defendant was issued on February 12, 2024, but no executed return has been filed. (DE 3). The 90-day deadline to complete service passed here on May 12, 2024. Fed. R. Civ. P. Rule 4(m). Further Plaintiff has not complied with the deadlines in the Scheduling Order. (DE 4). I warned Plaintiff that failure to respond to my Order to Show Cause by June 7, 2024, would result in dismissal of this case without prejudice. (DE 6). Plaintiff did not meet this deadline.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). As such, "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Id.* (citing Fed. R. Civ. P. 41(b)). "The power to invoke

this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Id.* (citation omitted).

Accordingly, it is **ORDERED and ADJUDGED** that this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall **CLOSE this CASE** and **DENY** all pending motions **AS MOOT**.

**SIGNED** in Chambers, at West Palm Beach, Florida, this ___ day of June, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record